UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERTZ SCHRAM PC,

       Plaintiff,                                     Civil Action No.
                                                        12-14234

v.

                                                        HON. MARK A. GOLDSMITH

FEDERAL BUREAU OF
INVESTIGATION, a component of
the UNITED STATES DEPARTMENT OF
JUSTICE,

       Defendant.
_____/

### ORDER (1) GRANTING LEAVE FOR DEFENDANT FEDERAL BUREAU OF INVESTIGATION TO FILE A SECOND SUMMARY JUDGMENT MOTION and (2) ADJOURNING SCHEDULING DATES PENDING FURTHER ORDER OF THE COURT

On February 25, 2014, the Court issued an Opinion and Order granting in part and denying in part the summary judgment motion filed by Defendant Federal Bureau of Investigation ("FBI") (Dkt. 33). The Court also ordered the parties to file supplemental briefs discussing "how the case should proceed at this juncture." Id. at 26. Each party filed a supplemental brief (Dkts. 34, 36).

In Plaintiff's supplemental brief, Plaintiff argues (i) that the FBI should be required to amend the Hardy declaration submitted in support of the FBI's motion to more fully describe the search for records conducted by the National Gang Intelligence Center ("NGIC"), (ii) that if the search described is still inadequate, the FBI should be required to expand its search, (iii) that the FBI should be required to produce documents regarding the investigation of the Juggalos as a gang in connection with the 2011 NGIC report, whether or not the NGIC actually relied on the documents, (iv) that the FBI should be required to produce responsive documents whether dated

1

before or after the 2011 report, and (v) that Plaintiff will seek attorney's fees and costs.   Pl. Br. at 1-2.

In its supplemental brief, the FBI states that it wishes to proceed by renewing its motion for summary judgment on the issue of the adequacy of its search.   Def. Br. at 2.   The FBI attaches to its brief a declaration of Diedre D. Butler, Unit Chief of the NGIC.   Dec. ¶ 1 (Dkt. 36-1).   In the declaration, Butler describes the NGIC's search for records responsive to Plaintiff's Freedom of Information Act ("FOIA") request.   In its brief, the FBI cites and relies on Butler's declaration. The FBI argues that the purpose of the NGIC reports is solely to report trends in intelligence and information, not to affirm or negate that information.  Br. at 3.   The FBI further argues that in response to Plaintiff's FOIA request, the NGIC released for processing all of the information on the Juggalos it considered in preparing the report.   Id. at 4.

The FBI argues that the Butler declaration shows that the search for records responsive to Plaintiff's FOIA request was adequate.   Id. at 5.   The FBI asserts that no FBI investigation of the Juggalos for suspected gang activity took place in preparation for the 2011 report.   Id.   The FBI further argues that it reasonably concluded it had located all records responsive to Plaintiff's FOIA request after receiving the file of records from the NGIC analyst.  Id. at 5-6.   The FBI argues that no records are maintained of comments or criticism of the NGIC reports.  Id. at 7.

Having reviewed the parties' arguments, the Court concludes that the FBI has demonstrated good reasons to file a second motion for summary judgment.   District courts have the discretion to permit a successive motion for summary judgment.  Kovacevich v. Kent State Univ., 224 F.3d 806, 835 (6th Cir. 2000).   A party should present "good reasons" in seeking to file a successive motion for summary judgment.  Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir. 1995). An example of a "good reason" is "when the moving party has expanded the factual record

on which summary judgment is sought." Kovacevich, 224 F.3d at 835. In this FOIA case, the FBI has expanded the factual record by submitting an additional declaration describing the search for records. See Rugiero v. United States Dep't of Justice, 257 F.3d 534, 547 (6th Cir. 2001) (noting that to demonstrate the adequacy of a search for records responsive to a FOIA request, "the agency may rely on affidavits or declaration that provide reasonable detail of the scope of the search." (citations omitted)).

Furthermore, there is precedent for allowing an agency to supplement deficient affidavits with further affidavits or declarations. See, e.g., Taylor v. Babbitt, 673 F. Supp. 2d 20, 22 (D.D.C. 2009) ("Even if an agency's affidavits regarding its search are deficient, courts generally do not grant discovery but instead direct the agency to supplement its affidavits." (citation omitted)). The Court also notes that Plaintiff has not filed a response or indicated opposition to the FBI's request for leave to submit a second summary judgment motion.

For these reasons, the Court grants the FBI leave to file a second summary judgment motion. See, e.g., Powers v. United States Dep't of Justice, No. 03-C-893, 2006 WL 2546809, at *1 (E.D. Wisc. Sept. 1, 2006) (noting that the district court initially denied the agency's summary judgment motion on the ground that the search for records was not reasonable, but subsequently allowed the agency to file a second summary judgment motion).

The FBI shall file its second summary judgment motion on or before April 23, 2014. A response, and, if filed, a reply, shall be submitted in accordance with the briefing schedule set forth in Eastern District of Michigan Local Rule 7.1(e). Finally, the Court adjourns the scheduling dates in this matter pending further order of this Court.

SO ORDERED.

Dated: April 9, 2014　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Flint, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

　　　　The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 9, 2014.

　　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　　Case Manager